FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERICA A., | No. 4:21-CV-05037-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 24, 25 |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 24, 25. Attorney Chad Hatfield represents Erica A. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed claims for benefits (Period of Disability; Disability Insurance Benefits; and Supplemental Security Income) on September 8, 2017, alleging disability beginning September 1, 2009. The claims were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Kim held a hearing on February 12, 2020, and issued an unfavorable decision on March 6, 2020. Tr. 19-31. The

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Appeals Council denied review on January 7, 2021. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on March 15, 2021. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

//
//
//
//

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 6, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2009, the alleged onset date. Tr. 22.

At step two, the ALJ determined that prior to the December 31, 2013, date last insured, Plaintiff had no severe impairments. The ALJ determined that since the filing of Plaintiff's application, Plaintiff had the following severe impairments: methamphetamine abuse; cannabis use disorder; bipolar disorder; intermittent explosive disorder; and generalized anxiety disorder. Tr. 22-23.

At step three, the ALJ found Plaintiff's mental impairments, including her substance abuse disorder, meet the criteria of section 12.04 of 20 CFR Part 404, Subpart P, Appendix 1. The ALJ determined, however, if Plaintiff stopped the substance use, she would not have an impairment or combination of impairments

that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.  Tr. 23-25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined that if Plaintiff stopped the substance use, she could perform work at all exertional levels, except she must avoid all exposure to unprotected heights, subject to the following limitations: performing simple, routine tasks with a reasoning of 3 or less; work involving no interaction with the public although she could be in the presence of the public; and work involving only occasional and superficial interaction with coworkers.  Tr. 26.

At step four, the ALJ found if Plaintiff stopped the substance use, she would be unable perform past relevant work.  Tr. 29.

At step five, the ALJ determined there are jobs that exist in significant numbers in the national economy that Plaintiff can perform if she stopped the substance use.  Tr. 30.

The ALJ thus concluded Plaintiff was not disabled.  Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ erred by finding no severe impairments at step two for purposes of her DIB application; (B) whether the ALJ properly conducted a step three analysis; (C) whether the ALJ erred by discounting her subjective complaints; and (D) whether the ALJ erred by conducting an improper step five analysis.  ECF No. 24 at 8.

//
//
//
//

# DISCUSSION

A.   **Step Two**

For purposes of Plaintiff's DIB claim, the ALJ found at step two that Plaintiff did not have a severe impairment or combination of impairments prior to the date last insured. Tr. 22. Plaintiff contends this was error, averring that the ALJ erroneously discounted the severity of bipolar disorder, anxiety, and migraine headaches. ECF No. 24 at 10-15. As discussed below, the Court concludes the ALJ did not err at step two.

At step two, a claimant must make a threshold showing her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen*, 482 U.S. at 145; 20 C.F.R. §§ 404.1520(c), 416.920(c). In finding Plaintiff's mental impairments non-severe, the ALJ relied on the absence of "evidence of mental health treatment prior to the December 31, 2013 date last insured," noting Plaintiff's "treatment prior to this date was limited to emergency room visits for short lasting physical complaints, and a pregnancy in early 2012." Tr. 23. The ALJ thus concluded "[t]he lack of any significant mental health treatment evident in the record prior to the December 31, 2013 date last insured indicates that her mental impairments prior to that time was only a slight abnormality having no more than a minimal effect on her ability to work. As such, the undersigned finds that they were nonsevere impairments prior to the date last insured." Tr. 23.

Substantial evidence supports this finding. Indeed, Plaintiff's arguments to the contrary are belied by her own admissions and testimony. *See* Tr. 40 (admitting records for mental health treatment post-date the date last insured); Tr. 44 (testifying to "little [mental health] symptoms maybe once or twice a month" in 2012 and 2013). While Plaintiff points to diagnoses of anxiety and bipolar disorder, and a singular mental status examination in 2014, *see* ECF No. 24 at 13-14 (citing Tr. 341-42, 446, 628, 691), the medical record evidence on which she

relies is not sufficient to show these mental impairments significantly limited her ability to perform basic work activities. The ALJ accordingly reasonably found Plaintiff's mental impairments non-severe during the DIB period.

Plaintiff also challenges the ALJ's rejection of migraine headaches as non-severe during the DIB period. ECF No. 24 at 14-15. In support, however, Plaintiff points only to evidence significantly post-dating the date last insured and does not suggest the ALJ overlooked a medical opinion that has retrospective applicability. While the Court is mindful the ALJ does not have the expertise to evaluate what clinical findings are necessary to corroborate Plaintiff's claims, particularly when the cause of migraines is generally unknown, *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *Johnson v. Saul*, No. 2:18-cv-226-EFC, 2019 WL 4747701, at *4 (E.D. Cal. Sept. 30, 2019) (noting that "the cause of migraine headaches is generally unknown"); *Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *8 (N.D.N.Y. Sept. 3, 2008) (citing *The Merck Manual* 1376 (17th ed. 1999)), the medical record evidence on which she relies is not sufficient to show migraine headaches significantly limited her ability to perform basic work activities. The ALJ accordingly did not err by failing to assess Plaintiff's migraine headaches as non-severe.

The ALJ accordingly did not err by finding no severe impairments at step two with respect to Plaintiff's DIB claim.

**B.     Step Three**

At step three, the ALJ found that Plaintiff's "mental impairments, including her substance abuse disorder," met the requirements of Listing 12.04 and were therefore disabling. Tr. 23-24; 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04. The ALJ then properly assessed whether Plaintiff would still be found disabled if she stopped the substance abuse, and concluded she would not be. Tr. 24-31; *see Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

Plaintiff contends the ALJ erred by "citing no records outside October 2019" and by failing to perform a longitudinal evaluation. ECF No. 24 at 16. However, as noted by the Commissioner, *see* ECF No. 25 at 6, the ALJ reasonably relied on, among other things, a self-function report completed in March 2018 – during a period of sobriety. Tr. 25-26; *see* Tr. 243-50. Plaintiff, who bears of the burden of proving that substance abuse "was not a contributing factor material to [her] disability," *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007), has thus failed to show the ALJ erred by concluding otherwise.

## C.  Subjective Complaints

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 24 at 17-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified "experiencing periods of high energy one day and then barricading herself in her room the next" and experiencing "these exacerbations approximately four days per week"; "her mental impairments have caused her to be less social due to difficulty interacting with others"; and "daily activities, such as grocery shopping or interactions with her children, can trigger her anxiety." Tr. 27.

Among other grounds, the ALJ discounted Plaintiff's testimony as inconsistent with her improvement with medication and mental health treatment. Tr. 27-28. Substantial evidence supports this finding. *See* Tr. 304-307 (October 3, 2017, treatment note indicating Plaintiff "is working" and "is well controlled with her medications"); Tr. 300-303 (December 7, 2017, treatment note indicating Plaintiff "is working" and is "well controlled with her medications"); Tr. 356 (June

25, 2018, treatment note indicating Plaintiff has "normal mood and effect" and "speech is normal and behavior is normal"); Tr. 1443 (August 23, 2018, treatment note indicating Plaintiff "is well controlled with her medications"). The ALJ thus reasonably relied on Plaintiff's response to treatment to discount her testimony. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.") (citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)); *Morgan*, 169 F.3d at 599.

Because the ALJ gave at least one valid reason for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

**D.    Step Five**

Plaintiff argues the ALJ erred at step five by relying on an incomplete hypothetical to the vocational expert. ECF No. 24 at 20. This argument is foreclosed because, as discussed above, the ALJ properly evaluated the medical evidence and reasonably discounted Plaintiff's testimony. This restatement of Plaintiff's argument fails to establish error at step five. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.

Therefore, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED**.

1  The District Court Executive is directed to file this Order and provide a copy
2  to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant
3  and the file shall be **CLOSED**.
4    **IT IS SO ORDERED.**
5    DATED March 17, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 9